UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| EDGAR HARRIS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:02CV1893 TIA |
| | ) | |
| AL LUEBBERS, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This cause is before the Court on Missouri state prisoner Edgar Harris's pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. All matters are pending before the undersigned United States Magistrate Judge, with the consent of the parties, pursuant to 28 U.S.C. § 636(c).

On July 7,1998, Petitioner was convicted by a jury in the Circuit Court of Cape Girardeau County, Missouri, of one count of robbery and one count of armed criminal action. (Petition (Docket No. 4), page 1 at paras. 1-4). The trial court sentenced Petitioner to fifteen years imprisonment on the robbery count, and to ten years imprisonment on the armed criminal action count the sentences to run consecutively. (State v. Harris, 7 S.W.3d 10 (Mo. Ct. App. 1999)). Petitioner appealed the judgment, and on September 28, 1999, Petitioner's conviction and sentence were affirmed on direct appeal by the Missouri Court of Appeals. (Harris, 7 S.W.3d 10). On December 9, 1999, the Missouri Court of Appeals denied Petitioner's Motion for Rehearing. (Harris, 7 S.W.3d 10). On December 30, 1999, Petitioner filed a pro se 29.15 Motion for Post-Conviction Relief. (Resp. Exh. B). The Missouri Court of Appeals affirmed the denial of Petitioner's post-conviction relief motion on September 25, 2001. (Resp. Exh. C; Harris v. State, 60 S.W.3d 19 (Mo. Ct. App. 2001). On November 19, 2001, the Missouri Supreme Court denied his Motion for Rehearing and/or Transfer

to the Supreme Court. (Harris, 60 S.W.3d 19). Petitioner pursued no other action for review of his convictions and sentence in state court.

Petitioner is currently incarcerated at the Farmington Correctional Center in Farmington, Missouri, pursuant to the sentence and judgment of the Circuit Court of Cape Girardeau County. In the instant petition for writ of habeas corpus, Petitioner raises two grounds for relief:

(1) That trial counsel was ineffective by failing to object to the State's improper and prejudicial closing argument; and

(2) That trial counsel was ineffective by failing to object to the prosecutor's references to Petitioner's failure to testify.

In response to this Court's Order to Show Cause, Respondent requests the Court to dismiss the instant petition arguing that the petition is untimely filed pursuant to 28 U.S.C. § 2244(d)(1) inasmuch as direct review of Petitioner's conviction and sentence concluded more than one year prior to the filing of the instant petition.

On December 13, 2002, this Court received the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, accompanied by Petitioner's application to proceed in forma pauperis ("IFP"). The petition and application bear petitioner's signature dated December 6, 2002. On January 13, 2003, Petitioner's application to proceed IFP was granted and the petition was filed that same date. Respondent was thereafter ordered to show cause why the claims for relief as set out in Petitioner's petition should not be granted. In response, Respondent contends that the petition is untimely filed pursuant to 28 U.S.C. § 2244(d)(1) inasmuch as direct review of Petitioner's conviction and sentence concluded more than two years prior to the filing of the instant petition for writ of habeas corpus.

Pursuant to 28 U.S.C. § 2244(d)(1)(A), a person in custody pursuant to the judgment of a

state court has one year from the date upon which such judgment became final within which to submit an application for writ of habeas corpus in federal court under 28 U.S.C. 2254. For purposes of the statute, the state judgment is final upon "the conclusion of all direct criminal appeals in the state system followed by the expiration of the time allotted for filing a petition [for writ of certiorari]." Williams v. Bruton, 299 F.3d 981, 982 (8th Cir. 2002) (quoting Smith v. Bowersox, 159 F.3d 345, 348 (8th Cir. 1998)). In the circumstances of the current case, the time allotted for the filing of a petition for writ of certiorari was ninety days after the entry of the order denying discretionary review by the state court of last resort. Rule 13, Supreme Court Rules. Inasmuch as the Missouri Court of Appeals affirmed the circuit court judgment on September 28, 1999, Petitioner had ninety days, or until December 28, 1999, in which to file a petition for writ of certiorari with the United States Supreme Court. Petitioner did not seek certiorari in this cause; thus direct review of Petitioner's conviction concluded on December 28, 1999. Smith, 159 F.3d at 348. As such, under § 2244(d)(A), Petitioner has no later than December 28, 2000, by which to file an application for writ of habeas corpus in federal court under 28 U.S.C. § 2244. Petitioner's motion for post-conviction relief pursuant to Rule 29.15 was filed on December 30, 1999, and denied after an evidentiary hearing. On September 25, 2001, the Missouri Court of Appeals affirmed the dismissal of Petitioner's post-conviction relief, and denied the Motion for Rehearing and/or Transfer to the Supreme Court on November 19, 2001. Petitioner did not submit the instant petition for writ of habeas corpus until December 6, 2002,[1] over two years after Petitioner's conviction became final. Thus, Petitioner

---

[1]The "prison mailbox rule" provides for habeas petitions to be effectively filed the date upon which the petition is delivered to prison authorities for mailing to the clerk of the court. Nichols v. Bowersox, 172 F.3d 1068, 1077 (8th Cir. 1999) (en banc). Absent evidence to the contrary, the date upon which petitioner signed the petition is sufficient indicia of the date upon which petitioner delivered the petition to prison authorities. See United States v. Duke, 50 F.3d

missed the one-year deadline for filing a habeas petition.

Time during which a properly filed application for post-conviction or other collateral review is pending in state court is excluded from the one-year limitations period. 28 U.S.C. § 2244(d)(2). Petitioner's motion for post-conviction relief was filed on December 30, 1999, and the Missouri Court of Appeals affirmed the dismissal of Petitioner's post-conviction relief on September 25, 2001. Petitioner's motion for post-conviction relief would have tolled the one-year statute of limitations inasmuch as the motion for post-conviction relief was pending while the one-year limitations period in § 2244(d)(1) ran. See Artuz v. Bennett, 531 U.S. 4, 8 (2000) (finding that only a properly filed post-conviction relief motion tolls the statute of limitations and a properly filed motion is one that complies with the rules on timeliness, the requisite filing fee, the form of document, and the appropriate court and office in which it must be lodged); see also Gray v. Gammon, 283 F.3d 917 (8th Cir. 2002) (the Eighth Circuit Court of Appeals declined to decide whether a pending Rule 91 proceeding qualifies as "other collateral review" because petitioner's Rule 91 petition was not pending during the running of the one-year limitations period in § 2244(d)(1)). Even if the Court excluded from the one-year period of limitations the 634-day period during which Petitioner's post-conviction relief was pending, Petitioner's petition for writ of habeas corpus was nevertheless required to be filed not later than November 18, 2002. See Curtiss v. Mount Pleasant Correctional Facility, 338 F.3d 851, 854 (8th Cir. 2003) ("the time between the date that direct review of a conviction is completed and the date that an application for state post-conviction relief is filed counts against the one-year [federal statute of limitations] period.") Inasmuch as Petitioner did not file the

---

571, 575 (8th Cir. 1995) (relying on signed certificates of service with typewritten dates), cited approvingly in McCarter v. Bowersox, 187 F.3d 642 (8th Cir. 1999) (per curiam) (table).

instant petition for writ of habeas corpus until December 6, 2002, the petition is untimely filed and should be dismissed. 28 U.S.C. § 2244(d)(1). Finally, because Petitioner has failed to assert any "extraordinary circumstances" which made it impossible for him to timely file his petition, equitable tolling is not justified in this cause. See Paige v. United States, 171 F.3d 559, 561 (8th Cir. 1999) (equitable tolling may be proper in habeas context where extraordinary circumstances beyond Petitioner's control shown); Kreutzer v. Bowersox, 231 F.3d 460, 463 (8th Cir. 2000). These circumstances include where the state's conduct somehow lulled the petitioner into inaction. Kreutzer, 231 F.3d at 463.

Inasmuch as the petition is untimely filed, the undersigned need not determine whether Petitioner's claims are procedurally barred from review. Therefore, for all of the foregoing reasons,

**IT IS HEREBY ORDERED** that Petitioner Edgar Harris's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (filed December 6, 2002/Docket No. 4) is dismissed without further proceedings for the reason that the petition is untimely filed pursuant to 28 U.S.C. § 2244(d)(1).

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue in this cause inasmuch as Petitioner has failed to make a substantial showing that he has been denied a constitutional right.

Dated this   16th   day of February, 2006.

                         /s/ Terry I. Adelman
                         UNITED STATES MAGISTRATE JUDGE